UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Cause No. 1:20-cr-0068-RYL-TAB |
| KIMBERLY INABNIT, | ) | |
| | ) | |
| Defendant. | ) | |

## PETITION TO ENTER PLEA OF GUILTY AND PLEA AGREEMENT

The United States of America, by counsel, Josh J. Minkler, United States Attorney for the Southern District of Indiana, and, Lawrence D. Hilton, Assistant United States Attorney ("the Government"), and the defendant, Kimberly Inabnit ("the defendant"), in person and by counsel, Joshua Moudy, hereby inform the Court that a Plea Agreement has been reached in case pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C). The following are its terms and conditions:

### Part 1:  Guilty Plea and Charge(s)

1.     **Plea of Guilty:** The defendant, having waived the right to indictment by a grand jury, petitions the Court for leave to enter and agrees to enter a plea of guilty to the following offenses charged in the Information:

    **a.**     Count One which charges that the defendant committed the offense of Distribution of Methamphetamine, in violation of Title 21, United States Code, Sections 841(1)(1) and 841(b)(1)(B).

2.     **Potential Maximum Penalties**:  The offense is punishable by a maximum

sentence of 40 years' imprisonment, a $5,000,000 fine, and not less than 5 years' supervised release following any term of imprisonment. There is a mandatory minimum term of imprisonment of not less than 60 months.

     **3.**     **Elements of the Offense:**  To sustain the offenses to which the defendant is pleading guilty, the Government must prove the following elements beyond a reasonable doubt:

     (1) The defendant knowingly distributed 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine; and

     (2) The defendant intended to distribute the substance to another person; and

     (3) The defendant knew the substance was some kind of controlled substance.

### Part 2:  General Provisions

     **4.**     **18 U.S.C. § 3553(a) and Sentencing Guidelines:**  The defendant agrees and understands that should this Court accept this plea agreement, the Court will sentence the defendant to the specific sentence set forth in paragraph 9, below.  The defendant agrees and understands that the Court, in deciding whether to accept or reject the specific sentence set forth in paragraph 8, below, will (A) consider the factors set forth in 18 U.S.C. § 3553(a), and (B) consult and take into account the United States Sentencing Guidelines ("Sentencing Guidelines" or "U.S.S.G.").  The defendant also agrees and understands that the Sentencing Guidelines are not mandatory or binding on the Court, but are advisory in nature, and that the final determination concerning the applicable advisory guideline calculation, criminal history category, and advisory sentencing guideline range will be made by the Court.

     **5.**     **Rule 11(c)(1)(C), Fed. R. Crim. P.:**  The defendant acknowledges that this Plea Agreement is governed by Federal Rule of Criminal Procedure 11(c)(1)(C) and that the specific sentence set forth in paragraph 9, below, is the appropriate disposition of this cause.  The parties

2

understand that the Court must accept or reject the sentence specified in this Plea Agreement.  If

the Court rejects this Plea Agreement, then either party may withdraw from this Plea Agreement.

The defendant acknowledges that pursuant to Fed. R. Crim. P. 11(c)(3), (4) and (5), if the Court

rejects the Plea Agreement, the Court will advise the defendant personally in open court that the

Court is rejecting the Plea Agreement and the Court will afford both parties the opportunity to

then withdraw the Plea Agreement.

      6.    **No Protection From Prosecution for Unknown or Subsequent Offenses:**  The

defendant acknowledges and agrees that nothing in this agreement shall protect the defendant in

any way from prosecution for any offense not specifically covered by this agreement, or not

known to the United States Attorney for the Southern District of Indiana at this time.   The

defendant further acknowledges and agrees that nothing in this agreement shall protect the

defendant in any way from prosecution for any offense committed after the date of this

agreement.

      7.    **Rights Under Rule 11(b), Fed. R. Crim. P.:**  The defendant understands that the

Government has the right, in a prosecution for perjury or false statement, to use against the

defendant any statement that the defendant gives under oath during the guilty plea colloquy.  The

defendant also understands that the defendant has the right: (A) to plead not guilty, or having

already so pleaded, the right to persist in that plea; (B) to a jury trial;  (C) to be represented by

counsel--and if necessary have the court appoint counsel--at trial and at every other stage of the

proceedings, including appeal; and (D) to confront and cross-examine adverse witnesses, to be

protected from compelled self-incrimination, to testify and present evidence, and to compel the

attendance of witnesses.  The defendant also understands that the Constitution guarantees the

right to be considered for release until trial[1]; and if found guilty of the charge(s), the right to appeal the conviction on such charge(s) to a higher court. The defendant understands that if the Court accepts this plea of guilty, the defendant waives all of these rights.

### Part 3:  Sentence to be Imposed

8. **Agreed Upon Sentence Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C):** The parties agree that the following sentence is the appropriate disposition of this cause:

    a. **Imprisonment:** 87 months

    b. **Extent of Rule 11(c)(1)(C) Agreement:**  The provisions set forth in paragraph 8, above, is the only provisions of this Plea Agreement subject to the provisions of Fed. R. Crim. P. 11(c)(1)(C).

9. **Additional Provisions:**

    a. **Supervised Release:**  Both parties reserve the right to present evidence and arguments concerning whether the Court should impose a fine or term of supervised release to follow any term of imprisonment in this case, the duration of any term of supervised release, and the terms and conditions of the release.

    b. **Conditions of Supervised Release:**  The parties understand and agree that the Court will determine which standard and special conditions of supervised release to apply in this case.  The parties reserve the right to present evidence and arguments concerning these conditions.

    c. **Mandatory Special Assessment:**  The defendant will pay a total of $100

---

[1]Title 18, U.S.C. §§ 3141-3156, Release and Detention Pending Judicial Proceedings.

4

on the date of sentencing or as ordered by the Court to the Clerk, United States District Court, which amount represents the mandatory special assessment fee imposed pursuant to 18 U.S.C. § 3013.

        **d.**    **Obligation to Pay Financial Component of Sentence**: If the defendant is unable to pay any financial component of the defendant's sentence on the date of sentencing, then the defendant agrees that the payment of the financial component should be a condition of supervised release. The defendant has a continuing obligation to pay the financial component of the sentence. The defendant further agrees that as of the date of filing this Plea Agreement the defendant will provide all requested financial information, including privacy waivers, consents, and releases requested by the Government to access records to verify the defendant's financial disclosures,  to the  Government for use in the collection of any fines, restitution, and money judgments imposed by the Court and authorizes the Government to obtain credit reports relating to the defendant for use in the collection of any fines and restitution, and money judgments imposed by the Court. The defendant also authorizes the Government to inspect and copy all financial documents and information held by the United States Probation Office. If the defendant is ever incarcerated in connection with this case, the defendant may participate in the Bureau of Prisons Inmate Financial Responsibility Program.

## Part 4: Factual Basis for Guilty Plea

        **10.**    The parties stipulate and agree that the following facts establish a factual basis for the defendant's plea of guilty to the offense set forth in Paragraph One, above, and that the Government would be able to establish the following facts beyond a reasonable doubt in the event this cause was to proceed to trial. The following information is only a summary of the

5

government's evidence. This Plea Agreement is not intended to foreclose the presentation of and the government reserves the right to present additional evidence at the time of sentencing.

On October 8, 2020, Kimberly Inabnit distributed approximately 246.6 grams of a mixture or substance containing a detectable amount of methamphetamine.

The following information is only a summary of the Government's evidence. This Plea Agreement is not intended to foreclose the presentation of and the Government reserves the right to present additional evidence at the time of sentencing.

### Part 5:  Other Conditions

11.    **Background Information:**  The defendant acknowledges and understands that no limitation shall be placed upon the Court's consideration of information concerning the background, character, and conduct of the defendant for the purpose of imposing an appropriate sentence.  The defendant acknowledges and understands that the Government is not prohibited from providing information concerning background, character, and conduct of the defendant for the purpose of recommending or advocating an appropriate guideline calculation and sentence.

12.    **Good Behavior Requirement:**  The defendant agrees to fully comply with all conditions of release imposed by the Court during all stages of this case.  If the defendant fails to fully comply with such conditions, then the Government may withdraw from this Agreement.

13.    **Compliance with Federal and State Laws:**  The defendant understands that the obligations of the Government in this Plea Agreement are expressly contingent upon the defendant abiding by federal and state laws.

### Part 6:  Waiver of Right to Appeal

14.    **Direct Appeal:**  The defendant understands that the defendant has a statutory

right to appeal the conviction and sentence imposed and the manner in which the sentence was determined. Acknowledging this right, and in exchange for the concessions made by the Government in this Plea Agreement, the defendant agrees that in the event the Court accepts this Rule 11(c)(1)(C) plea provided for in this Plea Agreement and sentences the defendant consistent with this agreement, regardless of the defendant's criminal history category or how the sentence is calculated by the Court, then the defendant expressly waives the defendant's right to appeal the conviction and sentence imposed in this case on any ground, including the right to appeal conferred by 18 U.S.C. § 3742. The defendant further expressly waives any and all challenges to the statute(s) to which the defendant is pleading guilty on constitutional grounds, as well as any challenge that the defendant's admitted conduct does not fall within the scope of the applicable statute(s). This blanket waiver of appeal specifically includes all provisions of the guilty plea and sentence imposed, including the length and conditions supervised release and the amount of any fine.

**15.     Later Legal Challenges:** Additionally, the defendant expressly agrees not to contest, or seek to modify, the defendant's conviction or sentence or the manner in which either was determined in any later legal proceeding, including but not limited to, an action brought under 18 U.S.C. § 3582 or 28 U.S.C. § 2255. As concerns this Section 3582 waiver, should the United States Sentencing Commission and/or Congress in the future amend the Sentencing Guidelines to lower the guideline range that pertains to the defendant's offense(s) and explicitly make such an amendment retroactive, the Government agrees that it will not argue that this waiver bars the defendant from filing a motion with the district court pursuant to 18 U.S.C. § 3582(c)(2) based on that retroactive Guidelines amendment. However, if the defendant files such a motion, the Government may oppose the motion on any other grounds. Furthermore,

should the defendant seek to appeal an adverse ruling of the district court on such a motion, the Government may claim that this waiver bars such an appeal. As concerns the Section 2255 waiver, the waiver does not prevent claims, either on direct or collateral review, that the defendant received ineffective assistance of counsel.

**16.** **No Appeal of Supervised Release Term and Conditions**: The parties' reservation of the rights to present evidence and arguments in this Court concerning the length and conditions of supervised release is not intended to be inconsistent with the Waiver of Appeal specified above, which includes a waiver of the right to appeal to the length and conditions of the period of supervised release.

### Part 7:  Presentence Investigation Report

**17.** The defendant requests and consents to the commencement of a presentence investigation by probation officers of the United States District Court for purposes of preparing a Presentence Investigation Report at this time and prior to the entry of a formal plea of guilty.

**18.** The defendant further requests and consents to the review of the defendant's Presentence Investigation Report by a Judge, defendant's counsel, the defendant, and the government at any time, including prior to entry of a formal plea of guilty.

### Part 8:  Statement of the Defendant

**19.** By signing this document, the defendant acknowledges the following:

**a.** I have received a copy of the Information and have read and discussed it with my attorney. I believe and feel that I understand every accusation made against me in this case. I wish the Court to omit and consider as waived by me all readings of the Indictment/Information in open Court, and all further proceedings including my arraignment.

        **b.**     I have told my attorney the facts and surrounding circumstances as known to me concerning the matters mentioned in the Information, and believe and feel that my attorney is fully informed as to all such matters. My attorney has since informed, counseled and advised me as to the nature and cause of every accusation against me and as to any possible defenses I might have in this case.

        **c.**     I have read the entire Plea Agreement and discussed it with my attorney.

        **d.**     I understand all the terms of the Plea Agreement and those terms correctly reflect the results of plea negotiations.

        **e.**     Except for the provisions of the Plea Agreement, no officer or agent of any branch of government (federal, state or local), nor any other person, has made any promise or suggestion of any kind to me, or within my knowledge to anyone else, that I would receive a lighter sentence, or probation, or any other form of leniency, if I would plead "Guilty". I respectfully request that the Court consider in mitigation of punishment at the time of sentencing the fact that by voluntarily pleading "Guilty" I have saved the Government and the Court the expense and inconvenience of a trial. I understand that before it imposes sentence, the Court will address me personally and ask me if I wish to make a statement on my behalf and to present any information in mitigation of punishment.

        **f.**     I am fully satisfied with my attorney's representation during all phases of this case. My attorney has done all that anyone could do to counsel and assist me and that I fully understand the proceedings in this case against me.

        **g.**     I make no claim of innocence, and I am freely and voluntarily pleading guilty in this case.

        **h.**     I am pleading guilty as set forth in this Plea Agreement because I am

guilty of the crime(s) to which I am entering my plea.

      **i.**     I understand that if convicted, a defendant who is not a United States Citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

      **j.**     My attorney has informed me, and I understand, that I have the right to appeal any conviction and sentence that I receive, unless I have waived my right to appeal as part of this Plea Agreement.  If I have not waived my right to appeal, I understand that I must file a Notice of Appeal within fourteen (14) days of the entry of the judgment in this case; I further understand that the Clerk of the Court will prepare and file a Notice of Appeal on my behalf if I ask that to be done.  I also understand that the United States has the right to appeal any sentence that I receive under this Plea Agreement.

      **k.**     My attorney has informed me, and I understand, that if I provide or cause to be provided materially false information to a judge, magistrate-judge, or probation office, then Section 3C1.1 of the Sentencing Guidelines allows the Court to impose a two level increase in the offense level.

      **l.**     If this cause is currently set for trial on the Court's calendar, I request that this date be continued to permit the Court to consider this proposed guilty plea agreement.  I further understand that any delay resulting from the Court's consideration of this proposed guilty plea agreement, up to and including the date on which the Court either accepts or rejects my guilty plea, will be excluded in computing the time within which trial of this cause must commence, pursuant to 18 U.S.C. § 3161(h)(1)(G).

### Part 9:  Certificate of Counsel

      **20.**     By signing this document, the defendant's attorney and counselor certifies as

follows:

       **a.**      I have read and fully explained to the defendant all the accusations against the defendant which are set forth in the Information in this case;

       **b.**      To the best of my knowledge and belief each statement set forth in the foregoing petition to enter plea of guilty and plea agreement is in all respects accurate and true;

       **c.**      The plea of "Guilty" as offered by the defendant in the foregoing petition to enter plea of guilty and plea agreement accords with my understanding of the facts as related to me by the defendant and is consistent with my advice to the defendant;

       **d.**      In my opinion, the defendant's waiver of all reading of the Information in open court, and in all further proceedings, including arraignment as provided in Rule 10, Fed. R. Crim. P., is voluntarily and understandingly made; and I recommend to the Court that the waiver be accepted by the Court;

       **e.**      In my opinion, the plea of "Guilty" as offered by the defendant in the foregoing petition to enter plea of guilty and plea agreement is voluntarily and understandingly made and I recommend to the Court that the plea of "Guilty" be now accepted and entered on behalf of the defendant as requested in the foregoing petition to enter plea of guilty and plea agreement.

## Part 11:  Final Provision

**21.**     **Complete Agreement:**  The defendant acknowledges that no threats, promises, or

representations have been made, nor agreements reached, other than those set forth in this

document, to induce the defendant to plead guilty.  This document is the complete and only Plea

Agreement between the defendant and the United States Attorney for the Southern District of

Indiana and is binding only on the parties to the plea agreement, supersedes all prior

understandings, if any, whether written or oral, and cannot be modified except in writing, signed

by all parties and filed with the Court, or on the record in open court.

Respectfully submitted,

JOSH J. MINKLER
United States Attorney

3/10/2020
DATE

Lawrence D. Hilton
Assistant United States Attorney

3/10/2020
DATE

Barry D. Glickman
Deputy Chief, Drug and Violent Crime Unit

DATE

Kimberly Inabnit
Defendant

3-5-20
DATE

Joshua Moudy
Counsel for Defendant

12